# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br><br>Candyce Marie Germann<br><br>　　　　　Debtor(s).<br><br>Candyce Marie Germann<br><br>　　　　　Plaintiff(s),<br>v.<br><br>Atlantic Credit and Finance, Inc.<br><br>　　　　　Defendant(s). | In Proceedings<br>Under Chapter 7<br><br>Case No. 10-40546<br><br><br><br><br>Adversary No. 10-4038 |

## OPINION

This matter comes before the Court on the debtor's Second Amended Complaint to recover funds and the debtor's Motion to Reconsider the Court's Order sustaining an objection to the debtor's claimed exemptions filed in the underlying bankruptcy case. The debtor seeks to recover and exempt money turned over to the defendant pursuant to a wage garnishment.

The facts of the matter are undisputed. On June 15, 1999, judgment was entered in state court against the debtor and in favor of the defendant in the amount of $2,468.86 plus costs and interest. Subsequent to the entry of judgment, a wage summons was served on the debtor's employer, Southern Illinois University. The employer responded, stating that it was deducting $114.46 every two weeks from the debtor's pay. In the 90-day period preceding the filing of the debtor's bankruptcy petition, $966.62 was withheld from the debtor's wages.

On April 8, 2010, the debtor filed for relief under Chapter 7. On her Schedule C – Property Claimed as Exempt, the debtor listed a wage deduction garnishment of $1,966.08. The debtor

claimed this exemption under the Illinois wild card exemption statute, which provides for the exemption of the debtor's "equity interest, not to exceed $4,000 in value, in any other property." 735 ILCS 5/12-1001(b).

The defendant filed its objection to the debtor's Schedule C on June 10, 2010. It argued that, pursuant to the statutory language, an exemption may not be applied to wages required to be withheld pursuant to a wage deduction proceeding. *Defendant's Objection*, ¶ 5. The objection was heard before this Court on July 7, 2010, and was sustained. The debtor subsequently filed a Motion to Reconsider.

On June 1, 2010, the debtor initiated this adversary proceeding. The debtor's second amended Complaint seeks to recover the garnished wages pursuant to § 522. The defendant answered, stating that § 522 applies only to the extent the debtor can claim an exemption in the funds. According to the defendant, the debtor cannot claim an exemption in the funds and, therefore, cannot recover the funds under § 522.

At issue before the Court is (1) whether funds withheld pursuant to a wage deduction summons may be claimed as exempt under the Illinois wild card statute; and (2) if those funds are subject to exemption, whether the debtor may use § 522 to recover them.

**Exemption of Garnished Wages**

The debtor argues that the wages in question are exempt under the Illinois wild card exemption statute. The defendant, however, argues that the debtor is prohibited from claiming any exemption in the withheld funds under 735 ILCS 5/12-1001, which states:

> The personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor that are required to be withheld in a wage deduction proceeding under part 8 of this Article XII.

While the debtor acknowledges this statute, she argues that because her employer withheld wages pursuant to a wage deduction summons and *not* a final turnover order, the funds remain property of the bankruptcy estate and are, therefore, subject to exemption. *Debtor's Brief and Memorandum*, p. 1. Both parties rely on *In re Youngblood*, 212 B.R. 593 (Bankr.N.D.Ill. 1997), to support their arguments.

In *Youngblood*, prior to the filing of the bankruptcy petition, the state court imposed a wage deduction lien against the debtor's wages following a judgment in favor of a creditor bank. After filing his petition, the debtor moved to avoid the lien and for turnover of the withheld wages. *Id*. at 594. No final wage deduction order was entered. The debtor argued that the wage deduction lien was voidable as a judicial lien that impaired his wild card exemption. *Id*. The court provided an analysis of the Illinois exemption statute, stating:

> …735 ILCS § 5/12-1001 was amended to provide that the wildcard exemption would not apply to wages withheld in a wage deduction proceeding. The amendment entirely eliminated the former language requiring that a wage deduction order be entered before the exemption became inapplicable. The language of the amended statute is clear. Wages which have been withheld pursuant to the initiation of a wage deduction proceeding are not exemptible under 735 ILCS § 5/12-1001(b), even if the final wage deduction order for turnover of these funds has not been entered.

*Id*. at 596. The court acknowledged the debtor's ineligibility for exemption, stating: "Can this Debtor avoid the lien on his wages *even though under Illinois law he is not entitled to the exemption?*" *Id*. at 597 (emphasis added). While the court answered its question affirmatively, it did so only because no timely objection was made to the debtor's claimed exemptions. That is not the case here. As previously stated, the defendant, Atlantic Credit & Finance, timely objected to the debtor's Schedule C.

Contrary to the debtor's argument, the Illinois exemption statute makes no distinction between those funds withheld pursuant to a wage deduction summons and those withheld pursuant

to a final turnover order.  Therefore, the debtor may not claim as exempt those funds which were withheld from the debtor's wages in connection with the judgment rendered in the state court.

**Recovery of Wages Under 11 U.S.C. § 522**

The debtor's Second Amended Complaint moves to recover the wages under § 522(h).  Her brief in support of said Complaint, however, argues for recovery of the wages under § 522(f).  In either circumstance, the debtor's argument fails.  Section 522(h) provides in relevant part:

> The debtor may avoid a transfer of property of the debtor or recover a setoff *to the extent that the debtor could have exempted such property under subsection (g)(1)* of this section if the trustee had avoided such transfer, if –
>
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> (2) the trustee does not attempt to avoid such transfer…[1]

11 U.S.C. § 522(h) (emphasis added).  Section 522 provides, in relevant part:

> (f)(1) [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled* under subsection (b) of this section, if such lien is-
>
> (A) a judicial lien[.]

11 U.S.C. § 522(f)(1)(A) (emphasis added).

Either theory of recovery relies on the debtor being able to claim the recoverable funds as exempt.  As stated above, however, that is not the case here as the debtor is barred from claiming any exemption.  The Court's conclusion – that the funds may not be claimed as exempt under the exemption statute – necessarily leads to the conclusion that the debtor may not use either § 522(h) or § 522(f)(1) to recover the funds in question.

For the reasons stated, the Court finds that the funds garnished prior to the debtor filing her Chapter 7 petition may not be claimed as exempt and, therefore, may not be recovered under § 522.

---

[1] Section (g)(1), in turn, provides for the exemption of transferred property where the transfer was not voluntary and the debtor did not conceal property.

The debtor's Motion to Reconsider is denied and judgment is entered on the Second Amended Complaint in favor of the defendant.

    See Order entered this date.

ENTERED: January 5, 2011

                                                /s/ Laura K. Grandy
                                        UNITED STATES BANKRUPTCY JUDGE/4